### ARGUED AND DETERMINED

#### IN THE

## SUPREME COURT

#### OF THE

## STATE OF LOUISIANA.

### PERRIE vs. WILLIAMS.

In an action for damages for killing the plaintiff's slave, he may be permitted to strike out a charge of neglect in the defendant, in the management of his own farm.

A party cannot give his own conversation in evidence.

APPEAL from the court of the third district.

MATTHEWS, J. delivered the opinion of the court. This is an action of trespass, in which the plaintiff claims damages for the loss of a slave which she alleges to have been killed by the defendants. They severed in their answers to the petition, and separate verdicts and judgments were rendered against them: Williams alone appealed.

Two bills of exceptions are found in the record, which must be disposed of.

The first is to the opinion of the judge *a quo*, by which he authorised the plaintiff to

strike out a count in her petition, which related to the conduct of the appellant as an overseer. The allegations in that part of the petition, had no relation to the trespass in which the slave was destroyed ; but only charged the overseer with gross negligence and mismanagement of the plantation and slaves of the appellee. It, in truth, was a declaration of facts—making an entire and distant cause of action. This part of the suit was dismissed by leave of the court, after the cause was submitted to the jury ; but not until Williams had been allowed to amend his pleas, by discontinuing a claim in reconvention for wages as overseer. Under such circumstances, and in pursuance of the Code of Practice, we are of opinion, that the court below did not err in permitting the plaintiff to discontinue that part of her suit which related to the neglect and bad conduct of the defendant as overseer, &c.— See *C. P.* 532.

The second exception is, to the refusal of the court below, to allow the appellants counsel to interrogate Doctor Bedford, a witness introduced by the plaintiff, as to a consultation

which the defendant Williams had with the witness, wherein he exercised or palliated his neglect in not having sooner called in surgical aid to the slave while labouring under the wounds which had been inflicted on him by the defendants. This testimony was rejected on the ground, that no one can make evidence for himself. The rule is general ; and we have not been able to discover any thing in the direct examination of the witness, which creates an exception to it in the present case.

As the cause was finally submitted to the jury, it presented a claim for damages, resulting from an unjustifiable violence and injury done directly to the property of the plaintiff. And the evidence appears to us, to justify the verdict and judgment of the inferior court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Watts & Lobdell* for the defendant, *M'Caleb & Byrnes* for the plaintiff.